UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPACE NEEDLE LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>NORTH AMERICAN ELITE INSURANCE COMPANY,<br><br>    *Defendants*, | CASE NO. 2:21-cv-00347-BJR<br><br>ORDER GRANTING NORTH AMERICAN ELITE INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME |

Before the Court is Defendant North American Elite Insurance Company's ("Elite") Motion for Extension of Time, Dkt. No. 12 ("Mot. for Extension"), which, in essence, seeks a stay of Plaintiff Space Needle LLC's ("Space Needle") Motion to Declare Policy Provisions in Violation of RCW 4.18.200 Void and Provide Ancillary Relief, Dkt. No. 7 ("Mot. for Ancillary Relief"), while a New York court decides largely the same issue in a parallel case, *see North American Elite Ins. Co. v. Space Needle LLC*, N.Y. Sup. Ct, No. 651519/2021.

Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Elite's Motion. The reasoning for the Court's decision follows.

1

This matter is similar to hundreds around the country in which businesses are turning to their insurance policies to cover lost income resulting from the COVID-19 pandemic and the related government orders either closing or severely limiting their operations. Space Needle is the limited liability company which owns and operates Seattle's iconic structure of the same name. Compl. Dkt. No. 1 ¶¶ 1, 7–8. Elite is the insurance company which contracted to provide an all-risk insurance policy to Space Needle. *Id.* ¶ 9–11; *see also* Compl., Ex. 1, Dkt. No. 1 (the "Policy"). As is now a familiar story, the COVID 19 pandemic, and the Proclamations issued by Governor Jay Inslee, severely affected the Space Needle's operation, and Space Needle turned to Elite to cover its lost income under the Policy. Compl. ¶¶ 25–41.

On March 5, 2021, Elite filed a complaint in the Supreme Court of New York seeking a declaratory ruling that the COVID 19 pandemic does not trigger coverage under its Policy. Decl. of Donald B. Scaramastra, Ex. 2, Dkt. No. 8-2 (Elite's Complaint in Supreme Court of New York). One week later, on March 12, 2021, Space Needle filed its complaint in this Court. Compl., Dkt. No. 1.

In response to Space Needle's commencement of action before this Court, Elite filed a Motion for Order to Show Cause and Temporary Restraining Order in New York on March 15, 2021, seeking an injunction from that Court prohibiting Space Needle from continuing to prosecute this matter. Decl. of Donald B. Scaramastra, Ex. 4, Dkt. No. 8-4 (Elite's Memorandum of Law in Support of Plaintiff's Order to Show Cause and Temporary Restraining Order).

Judge Joel M. Cohen of the New York State Supreme Court held a hearing the next day, March 16, 2021. Decl. of Anthony Todaro, Ex. G, Dkt. No. 13-7 (Transcript of Hearing). At the hearing, Judge Cohen denied Elite's request for a TRO and set a hearing for April 16, 2021 to

determine whether that Court should issue a preliminary injunction. *Id.* at 21:2–10.

Of particular importance in this matter are two provisions found in the Governing Law and Jurisdiction section of the Policy. First is a choice of law clause which states that "[t]he laws of the State of New York, without regard to its conflict of laws rules, that would cause the application of the laws of any other jurisdiction, shall govern the construction and interpretation of this POLICY." Decl. of Donald B. Scaramastra, Ex. 3, Dkt. No. 8-3 at 14 ("Choice of Law Clause"). Second, is a forum selection clause, which provides "The parties hereto do irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law, the parties expressly waive all rights to challenge or otherwise limit such jurisdiction." *Id.* ("Forum Selection Clause"). Before both the New York court and this Court, Elite argues that these clauses control and, therefore, the action in New York should take precedent over the action before this Court. Space Needle responds that both provisions are void *ab initio* as against Washington public policy codified in Revised Code of Washington Section 48.18.200 and since the location of the insured property is in the State of Washington, the action must proceed in this Court. WASH. REV. CODE § 48.18.200(1)(a)–(b).[1]

On March 18, 2021, two days after the New York court set its hearing, Space Needle filed its Motion for Ancillary Relief in this case. Mot. for Ancillary Relief, Dkt. No. 7. The Motion

---

[1] Stating,

> no insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement (a) requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country; or (b) depriving the courts of this state of the jurisdiction of action against the insurer[.]

seeks to have this Court declare the Choice of Law and Forum Selection Clauses void under Section 48.18.200 and order the case to proceed in this Court.  Space Needle's Motion is presently scheduled to heard on April 9, 2021, prior to the New York court's scheduled hearing.  Local Rules W.D. Wash. LCR 7(d)(3).  On March 25, 2021, Elite filed the now pending Motion for Extension of Time, which asks this Court to "extend the deadline to respond to Space Needle's Motion for Ancillary Relief . . . until after the New York court has made its ruling."  Mot. to Extend at 2.

Considerations of Court efficiency discourage the bringing of the same issues before two courts at the same time.  Thus, Space Needle's attempt to have this Court preempt the New York court's already scheduled hearing must fail.  The New York action was the earlier filed case.  The New York court has already scheduled a hearing on these issues.  Therefore, this Court hereby STAYS consideration of Space Needle's Motion.  The Parties shall inform this Court within five (5) days of the New York court's ruling on Elite's Motion, provide this Court with a copy of the same, and indicate whether a status conference would be necessary.

So Ordered.

DATED this 31st day of March, 2021.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE